*987 VOTO CONCURRENTE DE LA JUEZ DE APELACIONES SRA. ALFONSO DE CUMPIANO — 2000 DTA 57
Concurro con el resultado de la resolución en este caso debido a que las normas que limitan nuestra función revisora de decisiones administrativas, según expuestas y aplicadas en la resolución, sustentan la denegatoria del recurso. Comparto el criterio de que no quedó establecido por la recurrente Innova, Inc. que era acreedora a la subasta objeto del recurso, ni que la Autoridad de Carreteras y Transportación (la Autoridad) abusó de su discreción al adjudicar la subasta en cuestión al segundo mejor postor.
No obstante, estimo pertinente señalar, en evitación de otros recursos de la naturaleza del presente, que los trámites seguidos por la Autoridad en el proceso de subasta que revisamos dieron base a algunas de las imputaciones de errores. Me refiero, específicamente, a las circunstancias que mediaron en el requerimiento a la recurrente de la utilización de un formulario modificado.
Los trámites que a mi juicio propiciaron este recurso comprendieron, en parte, la aprobación por la Autoridad de dos addendums, luego del formulario original de subasta, referentes al mismo asunto. El primero, requería la especificación de una partida de $60,000 para una escultura en la Escuela Labra y la utilización de un formulario enmendado a esos efectos; el segundo, especificaba esos $60,000, dos partidas adicionales sobre la escultura, mas no contenía especificación de la utilización de un formulario particular. Innova, Inc. no utilizó el formulario enmendado del addendum núm. 1 que contenía la partida de $60,000, pero ninguno de los licitadores cumplió con la especificación posterior de las partidas de $10,000 y $4,000 incluidas en el addendum núm. 2. Además, en la consideración de la subasta, la razón inicial del rechazo de la propuesta de Innova, Inc. notificada por la Autoridad tuvo que ser corregida posteriormente. También, se dio lectura a la propuesta de Innova, Inc. aún cuando el formulario que utilizó no fue el enmendado, lo que era claramente verifiable al momento de dicha lectura y lo que pudo darle la impresión de que se aceptaba el sometido.
Finalmente, considero que la omisión de Innova, Inc. de someter su propuesta en el formulario modificado, única razón aducida por la Autoridad para el rechazo, no es de por sí un error insubsanable. Pueden mediar circunstancias que subsanen esa omisión, las que, como veremos no se dieron en este caso.
Innova, Inc. utilizó el formulario originalmente provisto por la Autoridad, el que luego ésta modificó a los únicos efectos de que se destinara una partida específica de $60,000 para una escultura en la Escuela Labra. Por tanto, la omisión de Innova, Inc., consistió en la utilización del formulario sin especificar esa partida. No creo que la sección 102.14 (a) del “Blue Book”, en que se ampara la Autoridad, exija una interpretación tan rígida que no permita la consideración de otros factores en cuanto al formulario, al evaluar aún mejores intereses en una subasta. Estimo que cuando se utiliza un formulario inicialmente provisto para una subasta que se modifica posteriormente para solicitar la especificación de una partida, si ésta queda claramente comprendida en la propuesta sometida en el formulario inicial, no es mandatorio por Reglamento el rechazo de la propuesta. En otras palabras, el contenido del formulario puede subsanar la omisión del uso de un formato específico. Pero en este caso Innova, Inc., aunque alega en el recurso que consideró en su totalidad todas y cada una de las partidas del proyecto en cuestión, y que forman parte de su propuesta, no ha demostrado ante este Tribunal cómo el formulario que sometió cumplió con la partida número 2 requerida en el addendum 1. Por tanto, la recurrente no estableció que subsanó en su propuesta la no utilización del formulario enmendado, por lo que es sostenible la posición de la Autoridad de rechazarla.
Debo hacer constar que Innova, Inc. tampoco demostró su alegación que en la aprobación de los addendums la Autoridad incumplió con los requisitos del artículo VII (D) del Reglamento de Subastas, según consignados en el apéndice del recurso, páginas 777-778.
*988 Concurro, pues, en que no obstante los señalamientos en tomo al trámite, no se dan en este caso las condiciones para nuestra intervención con la adjudicación de la subasta aquí cuestionada.
LADY ALFONSO DE CUMPIANO Jueza de Apelaciones
ESCOLIO VOTO CONCURRENTE DE LA JUEZ DE APELACIONES SRA. ALFONSO DE CUMPIANO — 2000 DTA 57
1. Vale señalar que la Autoridad tampoco nos ha planteado que esa partida está excluida, pero la obligación de haber demostrado que lo está, es de la recurrente.